UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANAYE S.M.,

                Plaintiff,

v.                                                          5:18-CV-0217
                                                            (TWD)

COMM'R OF SOC. SEC.,

                Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON          STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                  DAVID B. MYERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

# DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Shanaye S.M. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 9, 13.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and Defendant's motion for judgment on the pleadings is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1982, making her 27 years old at the alleged onset date and 34 years old at the date of the ALJ's decision. Plaintiff reported graduating from high school and completing some college. She has previous work as a scheduler, lead generator, and receptionist. Plaintiff has generally alleged disability due to disc herniation in the lumbar spine, degenerative disc disease ("DDD") in the lumbar spine, radiculopathy, and asthma.

### B. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on July 31, 2014, alleging disability beginning October 1, 2009. Plaintiff's application was initially denied on March 23, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at an administrative hearing before ALJ David J. Begley on October 17, 2016. (T. 48-80.[1]) On March 16, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 13-27.) On January 23, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 2-7.)

### C. The ALJ's Decision

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. (T. 16-24.) The ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2014. (T. 18.) He found

---

[1] The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her date last insured. *Id*. The ALJ determined Plaintiff's lumbar DDD and obesity were severe impairments through the date last insured. (T. 19.) He determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). *Id*. Specifically, the ALJ considered Listing 1.04 (disorders of the spine) and Plaintiff's obesity pursuant to Social Security Ruling ("SSR") 02-1p. *Id*. The ALJ found Plaintiff has the residual functional capacity "RFC" to perform sedentary work

> except she is prohibited from climbing ladders, ropes, and scaffolds. She would need to avoid slippery and uneven surfaces as well as hazardous machinery, unprotected heights, and open flames. She also would need to avoid concentrated exposure to extreme cold.

(T. 19-20.) The ALJ determined Plaintiff was capable of performing past relevant work as a scheduler, receptionist, and lead generator through the date last insured. (T. 23.) The ALJ therefore concluded Plaintiff was not disabled at any time from October 1, 2009, the alleged onset date, through December 21, 2014, the date last insured. *Id*.

### D. The Parties' Contentions

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ (1) fails to include limitations on reaching in the RFC and (2) fails to discuss Plaintiff's asthma at Steps Two and Four. (Dkt. No. 9 at 5-12.[2]) The Commissioner contends the ALJ's decision applied the correct legal standards and is supported by substantial evidence because the ALJ (1) adequately accounted for Plaintiff's non-existent reaching limitations and (2) Plaintiff's

---

[2] Page numbers in citations to documents identified by docket number refer to the page numbers assigned by the Court's CM/ECF electronic filing system.

asthma caused no limitations and, even if it did, the jobs the ALJ relied on at Step Four fully accounted for any such limitations. (Dkt. No. 13 at 4-12.)

## II.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by

substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

5

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the [Social Security Administration] will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A. Substantial Evidence Does Not Support the ALJ's Analysis of Plaintiff's Impairments at Step Two

At Step Two, the ALJ must determine whether the claimant has a severe impairment that significantly limits her physical or mental abilities to do basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities include walking, standing, sitting, lifting, carrying, pushing, pulling, reaching, handling, seeing, hearing, speaking, understanding, remembering and carrying out simple instructions, using judgment, and responding appropriately to supervision, co-workers, and usual work situations. *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citing *Gibbs v. Astrue*, 07-CV-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. §§ 404.1521(b)(1)-(5)). "Although the Second Circuit has held that this step is limited to 'screening out *de minimis* claims,' [] the 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition severe." *Taylor*, 32 F. Supp. 3d at 265 (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995); *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Overall, the claimant retains the burden of presenting evidence to establish severity. *Id*. (citing *Miller v. Comm'r of Soc. Sec.*, 05-CV-1371 (FJS/GJD), 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008)).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's

ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727, at *5 (E.D.N.Y. Mar. 19, 1999) (quoting *Bowen*, 482 U.S. at 154 n.12).

In addition, "[w]here an ALJ has omitted an impairment from [S]tep [T]wo of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, No. 07-CV-0018 (LEK/VEB), 2010 WL 624039, at *12 (N.D.N.Y. Feb. 18, 2010); *Lasiege v. Colvin*, No. 12-CV-01398 (NAM/TWD), 2014 WL 1269380, at *10-11 (N.D.N.Y. Mar. 25, 2014); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding the alleged Step Two error harmless because the ALJ considered the plaintiff's impairments during subsequent steps); *see also* 20 C.F.R. § 404.1523 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity").

At Step Two, the ALJ found Plaintiff had the following severe impairments though the date last insured: lumbar DDD and obesity. (T. 19.) The ALJ found Plaintiff's diabetes to be a non-severe impairment. *Id*. Plaintiff argues the ALJ erred by failing to account for all of her severe impairments in neglecting to discuss her asthma at all within Steps Two and Four of the sequential process. (Dkt. No. 9 at 9-12.) The Court finds Plaintiff's arguments persuasive for the reasons below. Plaintiff also appears to argue her asthma should have been found severe at Step Two. *Id*. at 11. However, the Court does not reach a finding as to whether Plaintiff's alleged asthma should have been found severe at Step Two.

First, although the ALJ's failure to find an impairment severe is typically harmless where the ALJ finds at least one severe impairment, continues the sequential evaluation, and provides explanation he adequately considered the evidence related to non-severe impairments, such is not

7

the case here. The ALJ did find at least one severe impairment at Step Two and continued the sequential evaluation. (T. 19-23.) However, as Plaintiff points out, the ALJ's analysis throughout the sequential evaluation does not reflect adequate consideration of Plaintiff's asthma. (Dkt. No. 9 at 11; T. 19-23.) The ALJ is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of his findings. *See Booker v. Astrue*, 07-CV-0646 (GLS), 2011 WL 3735808, at *5 (N.D.N.Y. Aug 24, 2011) ("The crucial factors in an ALJ's decision must be set forth in sufficient detail as to enable meaningful review by the court.") (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984); *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) ("The ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'") (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). In this case, however, the ALJ does not appear to address Plaintiff's asthma at all in his decision, leaving the Court unable to determine whether the ALJ adequately considered this alleged impairment. (T. 19-23.) This lack of consideration is highlighted by the ALJ's explicit discussion of Plaintiff's diabetes at Step Two and his explanation regarding his finding that it was non-severe. (T. 19.)

Second, while Defendant correctly points out that Plaintiff did not allege disability due to her alleged asthma in her initial application, the record does contain evidence of this impairment which the ALJ should have considered in making his findings at Step Two. (T. 81-82; Dkt. No. 13 at 10-11.) For example, Plaintiff's treatment records do note asthma as a condition. (T. 273, 277, 286, 290, 298, 305.) Further, on February 3, 2014, Plaintiff reported to consultative examiner Elke Lorensen, M.D., that she was diagnosed with asthma at age 14, that exercise triggered her asthma, and that she was not on any medication for asthma at the time. (T. 345.) Nevertheless, Dr. Lorensen diagnosed asthma and opined Plaintiff could not never tolerate

8

humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme heat, and extreme cold. (T. 347, 353.)

The ALJ's lack of clear consideration of Plaintiff's asthma is compounded by his failure to discuss the full extent of limitations opined by Dr. Lorensen. (T. 22.) The ALJ did include the need to avoid concentrated exposure to extreme cold (likely related to Plaintiff's testimony that her lower back pain is aggravated by cold weather) but did not discuss Dr. Lorensen's other opined environmental limitations. (T. 20, 22, 68.) Because the ALJ did not list these among Dr. Lorensen's opined limitations when weighing her opinion, this Court cannot now determine whether the ALJ properly considered these limitations. (T. 22.) To be sure, it appears Plaintiff's asthma is a condition secondary to her lumbar DDD which she has alleged causes debilitating back pain and Defendant may be correct in that limitations caused by asthma may not prevent Plaintiff from performing her past relevant work. (Dkt. No. 13 at 11-12.) Again, the Court does not reach a finding as to whether Plaintiff's alleged asthma should have been found severe. However, it remains that the ALJ was required to support his findings with sufficient analysis to allow the Court to engage in meaningful judicial review of those findings. His decision does not provide such analysis regarding Plaintiff's impairments at Step Two and it is not the role of this Court to supplement it now.

For the reasons above, the Court cannot conclude substantial evidence supports the ALJ's findings at Step Two. Thus, remand is required on this basis.

> **B. Whether Substantial Evidence Supports the ALJ's Analysis of the Opinion Evidence, Plaintiff's RFC, and the Step Four Determination**

Plaintiff also argues the ALJ erred by failing to include non-exertional limitations related to reaching in the hypothetical question posed to the vocational expert and in the RFC finding. (Dkt. No. 9 at 5-9.) Plaintiff contends the record includes evidence of her consistent assertions

9

of reaching limitations, including the opinions from Dr. Lorensen and treating physician Jacob Vella, M.D. *Id*. Specifically, Dr. Lorensen opined she had a moderate-to-marked reaching limitation resulting in the ability to only occasionally reach in all directions. (T. 347, 351.) Dr. Vella indicates Plaintiff would be unable to reach with her arms (including overhead) during the eight hour work day. (T. 505.) Plaintiff argues the ALJ failed to address the reaching limitations opined by Dr. Vella, despite affording this opinion some weight. (Dkt. No. 9 at 6-7.) Plaintiff also argues that the ALJ's reasons for discounting the opinions from Dr. Lorensen and Dr. Vella are inadequate. *Id*. at 7.

In response, Defendant argues the ALJ properly declined to assign Plaintiff any reaching limitations. (Dkt. No. 13 at 4-10.) Defendant points out that Plaintiff testified that she had no trouble lifting her arms above her head. (T. 75.) Defendant also argues that, although the ALJ did not discuss Dr. Vella's opined limitations, this opinion would almost certainly be rejected on remand because it indicated Plaintiff had been essentially bedbound and could never use her arms for reaching since 2005 despite the fact that she admitted working full-time from 2001 to 2009. (Dkt. No. 13 at 5-6.) Defendant contends the ALJ correctly reasoned that Plaintiff's pregnancy caused some of her symptoms rather than her DDD and properly assigned only some weight to Dr. Vella's opinion because it failed to sufficiently consider the temporary effect of the pregnancy on the alleged symptoms given the gap in treatment, noncompliance, ability to function unaccompanied, reports of effective medication, and inconsistent medical imaging findings. *Id*. at 7-9. Defendant argues the ALJ discounted Dr. Lorensen's opinion for similar reasons, which Defendant contends are supported by substantial evidence. *Id*. at 9.

Because remand is necessary and the ALJ will be required to address the above-noted deficiencies in considering the severity of Plaintiff's impairments and the opinion evidence from

Dr. Lorensen when issuing a new decision, the Court declines to reach a finding on Plaintiff's other arguments regarding the opinion evidence, the RFC determination (including the alleged error in failing to include non-exertional limitations related to reaching), and the Step Four determination. (Dkt. No. 9, at 5-9, 11.) However, on remand, the ALJ should conduct a new opinion evidence analysis, RFC determination, and Step Four determination.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **VACATED**, and this case is **REMANDED**, pursuant to Sentence Four of 42 § U.S.C. 405(g) for proceedings consistent with this Decision and Order.

Dated: May 6, 2019
      Syracuse, New York

*[Signature]*
Thérèse Wiley Dancks
United States Magistrate Judge